Case 4:25-cv-06174   Document 13   Filed 01/16/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE GUADALUPE VAZQUEZ CORDERO, A # 221-277-413, § § § Petitioner, § § VS. § WARDEN, JOE CORLEY PROCESSING § CENTER, *et al.* § § Respondents. § | CIVIL ACTION NO. 4:25-6174 |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Jose Guadalupe Vazquez Cordero is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Joe Corley Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) seeking immediate release.

The petition states that Vazquez Cordero is a native and citizen of Mexico; that he entered the United States without inspection in 2018 and has resided here continuously since; that he has no criminal record; and that his common-law wife, biological daughter, and step-daughter are all United States citizens. He claims that his detention is unlawful under the INA, bond regulations, and the Due Process Clause, among other provisions. He seeks immediate release or a bond hearing within seven days, among other relief.

On December 30, 2025, the Court entered an order for an expedited answer (Dkt. 6). The Court also entered an order to show cause (Dkt. 7) why the petitioner should not immediately be released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days. The federal respondents filed a response and motion to dismiss or, in the alternative, for summary judgment (Dkt. 10).

The respondents oppose habeas relief and argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he is an "alien seeking admission" who is "not clearly and beyond a doubt entitled to be admitted" (*id.* at 4). They argue that a bond hearing is not available to the petitioner based on the text of 8 U.S.C. § 1225(b) and the BIA's ruling in in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025) (*id*. at 1-2). They also assert that the petitioner has not exhausted administrative remedies because he has not requested a bond hearing and that the class action ruling in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) has no preclusive effect in this case. The petitioner filed a reply (Dkt. 11) arguing, *inter alia*, that exhaustion is not required in this circumstance and would be futile given the BIA's decision in *Yajure Hurtado*.

Having considered the parties' briefing and all matters of record, the Court determines that the petitioner, who had resided in the United States continuously for approximately seven years when detained, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896

(S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025).  The Court further determines that the exhaustion doctrine does not bar judicial review.[1]  The Court does not rely on *Maldonado Bautista* for this ruling.

The Court therefore **ORDERS** that the petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**.  The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order.  In the alternative, if the respondents do not provide the petitioner with a bond hearing within seven days, the respondents are ordered to release the petitioner from custody by the end of the seventh day.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on            January 16, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *See Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) ("Unlike 28 U.S.C. § 2254, Section 2241's text does not require exhaustion"); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (exhaustion is not required where a petitioner raises a claim that agency would clearly reject); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts).